THE INTERNATIONAL SCHOOL
*v.*
DEPARTMENT OF REVENUE
*and*
MULTNOMAH COUNTY,
a home rule subdivision
of the State of Oregon,
*Intervenor*
(TC 3717)

Edwin C. Perry, Tonkon, Torp, Galen, Marmaduke & Booth, Portland, represented plaintiff.

James C. Wallace, Assistant Attorney General, Department of Justice, represented defendant.

Sandra N. Duffy, Assistant County Counsel, Multnomah County, Portland, represented intervenor.

Decision for plaintiff rendered February 14, 1995.

**CARL N. BYERS, Judge.**

Plaintiff appeals from denial of a property tax exemption on leased property for the 1993-94 tax year. The exemption was denied on the ground that the subject property was not being "used" and that no construction had commenced on the property on the assessment date.

Plaintiff is a nonprofit corporation conducting a school which immerses its students in foreign languages.

The school presently includes preschool through third grade and teaches Spanish and German. Most instruction is given in one of the foreign languages, thus the students quickly become bilingual. The school provides instruction for 110 students, and operates on a regular school year, beginning the day after Labor Day and following the same calendar as most public schools. During the summer the plaintiff operates a small preschool.

The school has been operating from its present location on S.W. Sherman Street since 1992. The parties do not dispute that plaintiff qualifies as an exempt organization under ORS 307.145. The leased building in which plaintiff conducts its school is exempt under that statute. The property which is the subject of this case is a one-half acre parcel adjacent to plaintiff's school. Plaintiff leased the subject property on June 29, 1993, for use as a playground area.

The issue before the court is whether the one-half acre parcel was being used by plaintiff so as to permit it to be exempt under ORS 307.145.

The relevant portion of ORS 307.145(1) provides:

"If not otherwise exempt by law, upon compliance with ORS 307.162, the day care facilities, schools, academies and student housing accommodations, owned or being purchased by incorporated eleemosynary institutions or by incorporated religious organizations, used exclusively by such institutions or organizations for or in immediate connection with educational purposes, are exempt from taxation."[1]

Plaintiff's witness testified that very close to June 29 and perhaps even a day or two before, when he knew that the property had been leased, he and another parent moved a playground structure onto the subject property for use by the students. His motivation for moving it so quickly was to get it out of the parking lot. Although there were only eight or nine children in day-care during July of 1993, they used the new playground.

---

[1] Property leased by such organizations for the enumerated purposes may also be exempt upon compliance with ORS 307.112.

Plaintiff recognized that the subject property would need improvement because some of it was covered by blackberries, scrub trees and brush. The plan was to remove those items, fence the playground and then improve it by smoothing and planting. As soon as school started in September 1993 the parent-teachers association began fund raising to make the improvements. The parents did much of the work in clearing and installing fence posts.

Intervenor's witness testified that the application for exemption was made in late July 1993. Based on that application he inspected the property on September 15, 1993. Upon observing the blackberry bushes, brush, trees and litter, he concluded the property was overgrown and not used. The following day he returned and took pictures of two areas to substantiate his conclusions.[2] He had no recollection of playground equipment on the property and saw no children playing on the property.

■ The court finds the preponderance of the evidence establishes that the subject property was used within the meaning of ORS 307.145. Although the use was minimal as of the assessment date, it was sufficient. Moreover, as a school, plaintiff's real use of the property occurs during the school year. Intervenor's agent did not see children playing during his inspection, but he was there only about twenty minutes each time. That may not be long enough to observe a recess.

Counsel for intervenor acknowledges that *Soc. St. Vin. DePaul v. Dept. of Rev.*, 272 Or 360, 537 P 2d 69 (1975), indicates that newly acquired property does not require extensive use in order to qualify for exemption. Where property is unimproved and can be used as such, its availability to the students as an area to play and explore during recess is sufficient. Department's Opinion and Order No. 93-4856(A) shall be set aside and judgment entered consistent with this opinion. Plaintiff to recover costs and disbursements.

---

[2] Intervenor's Exhibit I-A shows the witness's vantage point while photographing the property is on the outer edges of the property away from the play structure and as far as possible from the school.